**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0001085**
**25-NOV-2015**
**08:11 AM**

NO. CAAP-14-0001085

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
ERNEST Y.S. LUM, JR., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 12-1-0386(3))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Ernest Y.S. Lum, Jr. (**Lum**) appeals from the Order of Resentencing Revocation of Probation filed April 8, 2014, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]  On appeal, Lum challenges the revocation of probation and resentencing on the grounds that he was denied effective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lum's point of error as follows:

Lum argues that he was deprived of his right to effective assistance of counsel, as guaranteed by article I,

---

[1]    The Honorable Joseph E. Cardoza presiding.

section 14 of the Hawaiʻi Constitution and the Sixth Amendment to the U.S. Constitution, when defense counsel Cary Virtue (**Virtue**) committed errors and omissions reflecting counsel's lack of skill and judgment that resulted in the withdrawal or substantial impairment of potentially meritorious defenses when Virtue allegedly told Lum that "if he admitted to the [probation] violation, the judge would resentence him to probation and release him that day." Lum submits that, based on Virtue's alleged representation, Lum "did not knowingly, intelligently, and voluntarily waive his right to an evidentiary hearing."

> When reviewing a claim of ineffective assistance of counsel, [the appellate court] looks at whether defense counsel's assistance was within the range of competence demanded of attorneys in criminal cases. The defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. To satisfy this second prong, the defendant needs to show a possible impairment, rather than a probable impairment, of a potentially meritorious defense. A defendant need not prove actual prejudice.

State v. Wakisaka, 102 Hawaiʻi 504, 513-14, 78 P.3d 317, 326-27 (2003) (footnote, citations, and internal quotation marks omitted).

> General claims of ineffectiveness are insufficient and every action or omission is not subject to inquiry. Specific actions or omissions alleged to be error but which had an obvious tactical basis for benefitting the defendant's case will not be subject to further scrutiny. If, however, the action or omission had no obvious basis for benefitting the defendant's case and it "resulted in the withdrawal or substantial impairment of a potentially meritorious defense," then it will be evaluated as information that an ordinarily competent criminal attorney should have had.

State v. DeLeon, 131 Hawaiʻi 463, 479, 319 P.3d 382, 398 (2014) (quoting Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994)).

There is very little evidence in the record in support of, or contrary to, Lum's claim, as it is raised for the first time on appeal and neither Lum nor Virtue have provided

affidavits or testimony.[2]  In addition, although Lum had earlier drug relapse issues, he allegedly had never before missed an appointment with his probation officer, he indicates he was overwhelmed by the recent death of his mother, and the purported probation violation stemmed from a single missed appointment rather than another drug relapse or a new offense.  Thus, Lum submits that the waiver of his right to an evidentiary hearing precluded him from demonstrating that he had not substantially violated his probation.  Although it may be that Virtue had given Lum tactical advice to argue mitigating circumstances rather than denying a probation violation, it is possible, although not necessarily probable, that after an evidentiary hearing the court might have found that Lum did not substantially violate his probation.  See State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998).  Indeed, it is unclear why Lum could not have argued mitigating circumstances even after requiring the State to establish his probation violation.  There is nothing in the record to assist in our review and the tactical benefit of Virtue's alleged statement is not obvious.  On the other hand, given the opportunity, Virtue might contradict Lum's alleged facts or explain his tactics, or the State might introduce additional evidence relevant to Lum's ineffective assistance of counsel claim.

It appears that the record on appeal is insufficient to demonstrate ineffective assistance of counsel, but Lum has alleged facts that, if proven, might have resulted in the withdrawal or substantial impairment of a potentially meritorious defense.  Accordingly, the Circuit Court's April 8, 2014 Order of Resentencing Revocation of Probation is affirmed without prejudice to a petition pursuant to Hawai'i Rules of Penal

---

[2]     The probation officer's affidavit in support of revocation states simply, "Defendant failed to report to the probation officer as directed."

Procedure Rule 40.    See <u>State v. Silva</u>, 75 Haw. 419, 864 P.2d 583 (1993).

DATED: Honolulu, Hawai'i, November 25, 2015.

On the briefs:

Randall K. Hironaka
(Miyoshi & Hironaka)
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge